CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 8 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CALVIN PERRY, | ) | Civil Action No. 7:10-cv-00447 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Petitioner Calvin Perry, a state inmate proceeding pro se, filed a petition for a writ of mandamus[1] and requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1361 and § 1915, respectively. This matter is before the court for screening, pursuant to § 1915(e). For the reasons stated below, the court grants petitioner leave to proceed in forma pauperis and dismisses the petition as frivolous.

Petitioner requests that this court order a federal official to direct a state parole official to parole petitioner from state custody. Petitioner alleges that he agreed to be a witness in the United States' prosecution of another person. Petitioner further alleges that a federal prosecutor promised him as compensation for testifying that he would receive his choice of state facilities to serve his remaining state sentence, he would receive a twenty-five year state sentence for an unresolved pending state charge, and the state parole board would parole him when he became eligible in 2003.

A district court may issue a writ of mandamus to compel a federal officer or employee to perform a duty owed to a petitioner. 28 U.S.C. § 1361. A writ of mandamus should only be issued where "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent

---

[1] Petitioner states that he does not want this petition construed as a petition for a writ of habeas corpus. Thus, the court does not liberally construe it as such or transfer it as a supplement to his habeas petition currently proceeding in the United States District Court for the Eastern District of Virginia. Petitioner makes the same allegations in this petition as he did in the original pleading for that case.

has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." In re First Fed. Sav. & Loan Ass'n v. Baker, 860 F.2d 135, 139 (4th Cir. 1988). Petitioner must prove that "his right to issuance of the writ is clear and undisputable." Allied Chem. Corp. v. Diflon, Inc., 449 U.S. 33, 35 (1980).

Petitioner's unsupported allegations do not clearly show that he is entitled to any relief. Unsurprisingly, petitioner does not cite any authority supporting his claim that a federal prosecutor has a mandatory duty to intervene with Virginia parole officials' decisions regarding the discretionary grant of parole, especially since federal courts did not even have the authority to compel federal officials to grant federal parole. See King v. United States, 492 F.2d 1337, 1338-39 (7th Cir. 1974); Brest v. Ciccone, 371 F.2d 981, 983 (8th Cir. 1967) ("The courts have no jurisdiction and no power to ... review or control the discretion of the Board of Parole in the exercise of its duties under (18 U.S.C.) § 4203.")). See, e.g., Gaston v. Taylor, 946 F.2d 340 (4th Cir. 1991) (en banc) (finding that Virginia parole statutes do not entitle prisoners to being released on parole). Furthermore, petitioner is already pursuing another adequate remedy with his petition for a writ of habeas corpus by which he seeks an earlier release from custody. Thus, petitioner presents a petition for mandamus that lacks "an arguable basis either in law or in fact" and pursues a legal remedy to which he clearly has no entitlement. Accordingly, the court grants petitioner leave to proceed in forma pauperis and dismisses the petition as frivolous. See Neitzke v. Williams, 490 U.S. 319, 325, 329 (1989) (describing frivolous claims).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This ___ day of October, 2010.

/s/ James C. Turk
Senior United States District Judge

2